PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s claim is repetitive. La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written opinion denying relator’s application.
Relator has now fully litigated at least three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.CrJP. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one, of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral | ¡.review. The District Court is ordered to record a minute entry consistent with this per curiam.
ATTACHMENT
*1012 [[Image here]]
OPINION
The matter before the court is consideration of Petitioner's Supplemental Brief to Application for Post Conviction Relief filed January 20,2'01S. For the reasons stated below the Petitioner’s Application is DENIED.
On October 22,1994, the Petitioner was found guilty as charged of first degree murder. On November 4,1994, the Petitioner, Brandon.FianklinHaynes, present with-counSel, Kurt'Goius and. Alan Golden, was sentenced the to lift imprisonment at hard labor, and committed to the Louisiana Department of Corrections, subject to the conditions provided by law. The Court ordered the sentenoe to be served without benefit of probation, parole or suspension of sentence. The Court ordered costs to be paid through the inmate banking system. The Court informed the .Petitioner ofihis right of appeal and Ills right to post-conviction relief.
According to La. C.Cr.P. Art, 930.8, “no application for post-conviction relief, including applications which seek an out-of-tlme appeal, shall be considered if rt is filed more than two (2) years after the judgment of conviction and sentence has become final”, unless certain circumstances exist. None-of the considered circumstances exist in the case at bar. In the present case, Petitioner’s sentenoe and conviction became final on February 16, 1985. State v. Haynes. 662 So.2d 849 (La. App. 2 Cir 11/1/95); writ denied. 667 So.2d 1050 (La. 2/16/96). The current Application- was not filed until January 20, 2015, approximately thirty (30) years later. Due to Petitioner failing to set forth any of the circumstances that would exempt him&m the two (2) year time limitation pursuant to Art. 930.8, MS Application for Post-Conviction Relief is DENIED.
Therefore, for toe foregoing reasons toe Petitioner’s Sappiemontal Brief to Application for Post Conviction Relief filed January 20,2015 is DENIED,
The Clerk of Court is directed to provide a copy of this Opinion to Petitioner, his custodian, and toe Distriot Attorney.
[[Image here]]
*1013 [[Image here]]